**PARKHILL TRUCK CO., a corporation,**
**Plaintiff in Error,**

**v.**

**Dave BREWER, Fred Burns, and Cecil**
**Flippo, Defendants in Error.**

**No. 38335.**

Supreme Court of Oklahoma.

Aug. 9, 1960.

Doerner, Rinehart & Stuart, Harry D. Moreland, Tulsa, for plaintiff in error.

Gable, Gotwals & Hays, Tulsa, for defendants in error.

JOHNSON, Justice.

This appeal stems from the following facts. The plaintiffs, Dave Brewer, Fred Burns and Cecil Flippo, brought an action against the Parkhill Truck Company to recover certain sums of money allegedly due them as wages earned as employees of the trucking company, but which sums the said trucking company withheld for workmen's compensation coverage that said company allegedly paid for them.

The trucking company denied that plaintiffs were employees and alleged that they were independent contractors; that under the independent contractual arrangements between the plaintiffs and defendant that the defendant offered and agreed, and the plaintiffs accepted and agreed, that the drivers of the plaintiffs' equipment, whether it be the plaintiffs or employees of plaintiffs, could be covered by defendant's general workmen's compensation insurance policy, and that defendant would pay the premium therefor, and that plaintiffs would repay the same to the defendant along with the other items of expense of operating the leased equipment. That under the general usages and customs of the business, with which defendant and plaintiffs were fully familiar, and by which they conducted their business when not specifically governed by statute or specifically otherwise provided, defendant advanced its money and extended its credit and performed other incidentals for the benefit of plaintiffs from time to time and charged the same against the earnings of the plaintiffs' equipment under the written agreements and deducted the same from such earnings. That the

defendant and plaintiffs considered and agreed that such insurance premium payments should be likewise deducted, and in this manner the defendant collected from the plaintiffs said sums so paid.

Plaintiffs replied and denied generally all of defendant's allegations and specifically denied that the sole relationship between them and the defendant was that of an independent contractor, or that such relationship between the parties was defined by the written contract; or that there was any agreement between the defendant and plaintiffs authorizing or providing for any deduction from pay due plaintiffs as drivers for workmen's compensation premiums; asserting that if any such agreement, if made, which they denied, would be void and against the public policy of the State of Oklahoma.

A jury was waived and the trial judge heard the case on the issues thus joined and found that the plaintiffs had sustained their allegations and rendered judgment in their favor, resulting in this appeal.

■ For reversal the trucking company (plaintiff in error) relies solely on its allegation and contention that the plaintiffs were independent contractors and agreed to allow the company to deduct from the gross earnings of plaintiffs' leased equipment workmen's compensation premiums covering the drivers of the leased equipment. On the other hand, the plaintiffs deny that they agreed to such deductions and contend that they were employees of the trucking company, and being such it was a violation of the Oklahoma (law) Statutes to charge them with workmen's compensation premiums, citing 85 O.S.1951 § 46; or in the alternative, that if they were not employees but independent contractors as contended by the defendant trucking company, then they had no workmen's compensation coverage by estoppel or otherwise and should not have been charged a premium.

Admittedly, plaintiffs entered into contracts to lease their motor equipment to the defendant. Each was to maintain the equip-

ment and bear all expenses. Each was to furnish drivers for his leased equipment. However, in each instance, each lessor, under the direction and control of the defendant, drove his own motor equipment. Each, under the contract, was to receive 80% of the gross earnings of his particular motor equipment.

■ Prior to this contractual relationship each of the plaintiffs had been employed as drivers for the defendants operating identical motor equipment and receiving 20% of the gross earnings of the equipment operated as wages. The defendant, at that time, owned and maintained the equipment and regarded these drivers as employees and paid the workmen's compensation premiums on them. But, the defendant argues that when plaintiffs bought, owned and operated their own equipment as aforesaid, notwithstanding the fact that the defendant under the contract of employment with the plaintiffs retained the right to direct and control plaintiffs as employees, that they became independent contractors and were no longer employees. That is not necessarily so. The rule of law that governs under such circumstances is that the right of the employer to direct or control the work is the decisive test and not the mode of payment of the wages. Chicago R. I. & P. Ry. Co. v. Bennett, 36 Okl. 358, 128 P. 705, 20 A.L.R. 678; Yellow Cab Co. v. Wills, 199 Okl. 272, 185 P.2d 689.

There was evidence reasonably tending to show that plaintiffs were in fact employees. They operated their own trucks under the direction and control of the defendant under long-term leases for a percentage of the gross earnings of their equipment, which they themselves operated. The defendant listed them as employees for purposes of income tax, social security and unemployment compensation, as well as workmen's compensation. The written contracts which defendant contends constituted plaintiffs independent contractors provided that "Lessor shall surrender full control, possession and management of said equip-

ment to the Lessee during the term of this lease," and gave the trucking company the right to cancel the contract if operation was not satisfactory. This clearly established, in our opinion, the relationship of master and servant which constituted plaintiffs employees and not independent contractors.

■ The right of an employer to control and direct details of work is a factor in determining whether employee is a "servant" or an "independent contractor," and when there is evidence, though conflicting, the issue of whether one is a servant or independent contractor is for the trier of fact, and where a jury is waived the judgment or decision of the trial court is conclusive if there is any competent evidence reasonably tending to support the judgment. See Modern Motors v. Elkins, 189 Okl. 134, 113 P.2d 969; Yellow Cab Co. v. Wills, supra, and Chicago R. I. & P. Ry. Co. v. Bennett, supra.

Therefore, since we hold that plaintiffs were employees of the defendant and not independent contractors, the defendant's contentions that the company in accord with the contract between it and the employees deducted from the gross earnings of the plaintiffs' leased equipment workmen's compensation premiums become immaterial, as under 85 O.S.1951 § 46, such agreement, if in fact there was one, was invalid. That section provides:

"§ 46. Employee's agreements to pay premiums invalid—Penalty.—No agreement by any employee to pay any portion of the premium paid by his employer to the cost of mutual insurance or other insurance, maintained for or carried for the purpose of providing compensation as herein required, shall be valid, and any employer who makes a deduction for such purpose from the wages or salary of any employee entitled to the benefits of this act shall be guilty of a misdemeanor. Laws 1915, ch. 246, art. 2, § 20."

The judgment is sustained by the evidence and is not contrary to the law. The judgment should be and is affirmed.

WILLIAMS, V. C. J., and WELCH, JACKSON and BERRY JJ., concur.

BLACKBIRD and IRWIN, JJ., concur in result.

DAVISON, C. J., dissents.