Mary Maxine **WELTY, and others similarly situated, Appellants,**

v.

**MARTINAIRE OF OKLAHOMA, INC., Appellee.**

No. 77652.

Supreme Court of Oklahoma.

Jan. 25, 1994.

Philip K. Blough II, Tulsa, for appellants.

Mona S. Lambird, Marcia A. Rupert, Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, for appellee.

SUMMERS, Justice.

■ May a truck driver sue the company that hired her to recover money withheld from her paychecks for the purpose of paying workers' compensation insurance premiums? We hold that if the parties stand in an employer-employee relationship then the driver's suit may proceed as an action for breach of contract, even if the parties had earlier agreed to the withholding arrangement. The basis for the Plaintiff's suit, and for our holding, is a statute in the Workers' Compensation Act.

The Plaintiff Welty brought this suit in District Court as a class action on behalf of herself and other drivers similarly situated. Her claim rests on the alleged breach of 85 O.S.1991 § 46, which provides:

> No agreement by any employee to pay any portion of the premium paid by his employer to the cost of mutual insurance or other insurance, maintained for or carried for the purpose of providing compensation as herein required, shall be valid, and any employer who makes a deduction for such purpose from the wages or salary of any employee entitled to the benefits of this act shall be guilty of a misdemeanor.

The Defendant Martinaire of Oklahoma, Inc. moved to dismiss for two reasons: (1) the Plaintiff was an independent contractor, not an employee, and (2) Section 46 created no private civil right of action. The trial court dismissed the case based upon the Defendant's second proposition. The Court of Appeals reversed. It concluded that irrespective of whether a new cause of action was created by the statute, the Plaintiff was pursuing a validly stated claim in common law conversion. We have granted certiorari.

■ At the outset we should note that the trial court has not ruled on the challenged employment relationship, and accordingly the parties have not briefed that question on appeal. Since the matter must be remanded it is the District Court which will determine whether or not the Plaintiff is "any employ-

ee" within the wording of the statute.[1] Should the trial court determine the relationship to be that of independent contractors, then § 46 will have no application, and the parties will stand subject to the general laws of contract, rather than those in Title 85. Our ruling for the Plaintiff is thus necessarily conditional upon the Plaintiff's ability to show on remand that she is an employee. We express no opinion on that subject.

Next we consider the Court of Appeals' analysis and resolution. Although the petition complained solely of "withholding certain monies from these Plaintiffs' respective paychecks ... in contradiction of Title 85 O.S.A. Section 46", Plaintiff in her appellate brief argued that such acts amounted to a "wrongful conversion" of her money. The Court of Appeals agreed that the case sounded in conversion, and reversed the dismissal.

■ Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. *Steenbergen v. First Fed. Sav. & Loan*, 753 P.2d 1330 (Okla.1987). The general rule in Oklahoma is that only *tangible* personal property may be converted. *Shebester v. Triple Crown Insurers*, 826 P.2d 603 (Okla.1992). Conversion does not lie for a debt. *Steenbergen*, 753 P.2d at 1332. Black defines conversion as "an unauthorized assumption and exercise of the right of ownership over *goods or personal chattels* of another." *Black's Law Dictionary*, 4th Ed. (emphasis added)

■ Whatever relationship existed between Welty and Martinaire, whether as employer-employee or as independent contractors, did so by reason of contract. If Martinaire did not pay Welty all she had coming when it was due, then a debt came into existence under the contract. One may not maintain a tort action in conversion to satisfy a debt. *Shebester*, 826 P.2d at 604; *Steenbergen*, 753 P.2d at 1332. This is not a conversion case.

So now we must consider the issue upon which the trial court resolved the case, and that is whether § 46 creates a cause of action upon which Plaintiff can maintain a civil suit. *Parkhill Truck Co. v. Brewer*, 354 P.2d 774 (Okla.1960) is helpful to the Plaintiff, but not determinative. There employees sued to recover sums wrongfully withheld under § 46. The trial court awarded judgment for the employees. On appeal the issue was whether the Plaintiffs established their employee status. There, as here, the employer claimed the Plaintiffs were independent contractors. Without addressing the Plaintiffs' right to sue we looked at the evidence and affirmed, allowing the employees to recover judgment for the sums withheld. The issue of Plaintiff's standing to sue under the statute is now squarely before this Court for the first time.

■ Although § 46 is all in one sentence it has two distinct parts. The second part makes the misconduct attributed to the employer, if proven, a criminal misdemeanor, which does not, of itself, help Plaintiff get a judgment for her money. She argues that the statute, by implication, creates a new cause of action for her benefit. We first examined the concept of implying a private right of action from a public-law statute[2] in *Holbert v. Echeverria*, 744 P.2d 960 (Okla. 1987). Relying on U.S. Supreme Court jurisprudence in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) we recognized a three prong test to determine whether a private right of action could be implied in the face of legislative silence. The test adopted by us for use by a state court construing a state statute, would allow the establishment of a civil cause of action from a public-law statute only if:

---

1. In Workers' Compensation practice this Court reviews the jurisdictional fact of employment *de novo*. *Mahan v. NTC of America, Inc.*, 832 P.2d 805, 806 (Okla.1992). Appeals from the District Court, however, on that same question are reviewed here by the "any competent evidence" standard. *Parkhill Truck Co. v. Brewer*, 354 P.2d 774, 777 (Okla.1960).

2. Legislative acts defining crimes and providing punishment are described as public-law statutes. *Cummings v. Board of Education*, 190 Okla. 533, 125 P.2d 989, 994 (1942); *Costello v. Feagin*, 162 Ala. 191, 50 So. 134 (1909).

(1) the plaintiff is one of the class for whose especial benefit the statute was enacted;

(2) some indication of legislative intent, explicit or implicit, suggests that the Legislature wanted to create a private remedy and not to deny one; and

(3) implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme.

If the Plaintiff would have us find a remedy in the creation of a new tort from the language of the statute, we can not accommodate her. We must read the section as a whole, and not just the second part providing for a misdemeanor. The first part of the section expresses the public policy of the state on the subject of an employee's *agreement* to allow any part of her wages to be withheld for the payment of compensation insurance premiums; it is that *no such agreement is valid.* To create a new tort remedy under *Holbert* we would have to find some indication of legislative intent to do so (prong number two), and that such a remedy would be consistent with the purposes of the legislative scheme (prong number three). If the legislature impliedly provides a remedy of another sort, such as contract, we may safely conclude it would not have considered a parallel statutory remedy in tort to be necessary. Since the section in its first part expressly grants the employee a defense to the enforcement of such a contractual agreement, we find that prongs number two and number three are lacking as to the argument for creation of a new tort.

 But that conclusion does not dispose of whether Plaintiff's suit in the District Court may proceed. The language at the front part of § 46 declares invalid any agreement to withhold compensation premiums from an employee's pay. As such § 46 is part of Oklahoma's statutory body of law governing contracts. The existing applicable law is part of every contract as if it were expressly referred to or incorporated within the agreement. *East Central Oklahoma Elec. Co-op., Inc. v. Public Serv. Co.,* 469 P.2d 662 (Okla.1970). A state may impose statutory limits on the right to contract where the limitation is a reasonable exercise of its police power, and in such case the statute is an implied part of the contract, with obligations subject to the prohibitions in the statute. *Storck v. Cities Service Gas Co.,* 575 P.2d 1364 (Okla.1977); *Oklahoma Natural Gas Co. v. Long,* 406 P.2d 499 (Okla. 1965).

Certainly the Plaintiff, whether as employee or independent contractor, has the right to bring suit to claim what is justly due her under the contract with Martinaire. If she is found to be an employee then the legislature has written into her contract the provision that compensation premiums may not be withheld from her pay, regardless of the employer's wishes. The first part of § 46 is thus just as enforceable in her suit under contract as, say, the Defendant's promise to pay her at a certain rate.

We conclude that § 46 does not create an action in tort, but does (in its first part) legislatively reform the contract so as to give an employee the right to sue for breach of its terms. We hold that an employee may maintain an action in contract for the return of money withheld contrary to 85 O.S.1991 § 46, even if the employee has agreed to the withholding arrangement. The opinion of the Court of Appeals is vacated, the judgment of the District Court is reversed, and the case is remanded with instructions that it be allowed to proceed.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, WATT, JJ., concur.

OPALA, J., concurs in result.

KAUGER, J., concurs in part, dissents in part.

ALMA WILSON, J., dissents.