FILED
United States Court of Appeals
Tenth Circuit

May 27, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM GENE EATON,

        Plaintiff-Appellant,

v.

JOHN WHETSEL,
Oklahoma County Sheriff,

        Defendant-Appellee.

No. 07-6262
(D.C. No. 5:06-CV-00566-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Prisoner William Gene Eaton appeals pro se from the district court's

summary-judgment order, which ended his 42 U.S.C. § 1983 case against

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma County Sheriff John Whetsel.[1]  We exercise jurisdiction under

28 U.S.C. § 1291, and we affirm.

**BACKGROUND**

In September 1998, the Federal Bureau of Investigation arrested Eaton for

bank robbery as he stopped his getaway car, a Buick Regal, at an intersection in

Oklahoma County, Oklahoma.  Deputies of the Oklahoma County Sheriff's

Department impounded the Buick and inventoried its contents.  Ragsdale's

Wrecker Service then towed the Buick to its private impound lot.  In November

1998, after sending notice to Eaton's home address and publicly posting notice,

Ragsdale's discarded the Buick's contents and sold the vehicle to recover its

costs.

---

[1]      The caption of Eaton's amended complaint lists Sheriff Whetsel, Cindy
Ragsdale and the Oklahoma County Sheriff's Department as defendants.  But
Ragsdale is not a party to this case because she was not properly served.  *See
Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 n.1 (5th Cir. 2003)
(noting that for appellate jurisdictional purposes, an improperly served defendant
is treated as not being before the district court); *see also Bristol v. Fibreboard
Corp.*, 789 F.2d 846, 847 (10th Cir. 1986) (observing that unserved defendants
never become parties to a lawsuit).  And the Department appears to have been
included only to show Sheriff Whetsel's place of employment—there are no
allegations that the Department committed any wrongdoing.  *See Winters v. Bd. of
County Comm'rs*, 4 F.3d 848, 855 (10th Cir. 1993) (stating that in order for a
sheriff's department "to be liable under § 1983 the constitutional violation must
be a result of a government custom or policy" or a "failure to train [that] amounts
to deliberate indifference to the rights of persons with whom the police come into
contact" (quotation omitted)).  The district court viewed the Department as a non-
party and we see nothing contradicting that view.

In September 2003, Eaton sued Sheriff Whetsel in state court. The case was later removed to federal court. Eaton alleged that his federal constitutional rights were violated by the search, seizure, and sale of his Buick, the destruction of his personal property, and his arrest. He also claimed that his Buick had been converted in violation of Oklahoma law. Eaton's basis for suing Sheriff Whetsel was his role as the supervisor of the deputies who arrived after his arrest, impounded the Buick, inventoried its contents, and turned it over to Ragsdale's.

A magistrate judge recommended that Sheriff Whetsel be granted summary judgment because it was undisputed that he did not (1) participate in any of the alleged constitutional violations, (2) direct the violations, or (3) cause them to occur by a failure to supervise subordinates. Indeed, Eaton failed to controvert Sheriff Whetsel's affidavit assertion that he had no involvement in Eaton's arrest and "had no specific knowledge of the impoundment, inventory, or sale of Eaton's vehicle or the destruction of its contents until being served with the summons in th[is] case." R., Doc. 41, Ex. 2 at 1-2 (Aff. of Sheriff Whetsel). As for Eaton's state-law conversion claim, the magistrate judge concluded that it failed because the deputies lawfully assumed dominion and control over the Buick pursuant to the department's impoundment policy. The district court adopted the magistrate judge's report and recommendation over Eaton's objections, and granted Sheriff Whetsel summary judgment.

Eaton appeals.

## DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007). Summary judgment is appropriate only if the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party. *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1223 (10th Cir. 2008). Finally, we construe the filings of a pro se plaintiff liberally. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### I. 42 U.S.C. § 1983

"In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, [the] plaintiff must first show [that] the supervisor's subordinates violated the constitution." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Then, the plaintiff must show that the supervisor actively participated or acquiesced in that violation. *Id.* at 1152-53. Acceptable evidence of participation or acquiescence includes "the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* at 1152 (quotation omitted). A supervisor's tacit authorization of the unconstitutional acts will also create liability. *Id.* at 1153.

-4-

But supervisory liability will not arise upon the "mere right to control employees." *Id.* (quotation omitted).

Even if we assume that Eaton's constitutional rights were violated by Sheriff Whetsel's deputies, the undisputed evidence shows that Sheriff Whetsel did not authorize, participate in, or acquiesced in those violations. On appeal, Eaton fails to direct our attention to any evidence on this point, and instead he focuses on the fact that Sheriff Whetsel, as a supervisor, exercised "full control of his deputies." Aplt. Br. at 4. As noted above, however, supervisory liability under § 1983 requires "active unconstitutional behavior," not just the right to control. *Serna*, 455 F.3d at 1153 (quotation omitted).

Accordingly, for the same reasons given by the magistrate judge, we conclude that summary judgment was appropriate on Eaton's § 1983 claims.

## II. Conversion

Oklahoma law defines the tort of conversion as "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Welty v. Martinaire of Okla., Inc.*, 867 P.2d 1273, 1275 (Okla. 1994). Sheriff Whetsel's deputies did not wrongfully exert dominion over Eaton's Buick. A law enforcement officer can have a vehicle towed from the roadway and impounded when the driver is arrested for an offense such as bank robbery. *See* Okla. Stat. Ann. tit. 47, § 955(A)(3); *Starks v. State*, 696 P.2d 1041, 1042 (Okla. Crim. App. 1985).

Thus, summary judgment was appropriate on Eaton's conversion claim.

## CONCLUSION

The judgment of the district court is AFFIRMED for substantially the same reasons given by the magistrate judge in his July 18, 2007 Report and Recommendation.

Eaton's motion to proceed on appeal in forma pauperis is GRANTED, and he is reminded of his continuing obligation to make partial payments until he has paid the filing fee in its entirety. Eaton's request for reconsideration of this court's order establishing the deduction of appellate fees from his prison account is DENIED. *See* 28 U.S.C. § 1915(b).

Eaton's motion for default judgment is DENIED.

Eaton's motion for leave to supplement his appellate arguments is GRANTED. We have considered his supplemental arguments and found them lacking in merit.

Eaton's two motions for review of this court's jurisdictional order observing that Cindy Ragsdale and Ragsdale's Wrecker Service were not parties in the district court is DENIED. *See supra* note 1.

Finally, Eaton's motion for an extension of time so that he may "appeal"

this court's order and judgment is DENIED.  The proper forum for such a motion

is the United States Supreme Court.  *See* Sup. Ct. R. 30.

Entered for the Court


Mary Beck Briscoe
Circuit Judge