OSCN Found Document:INVERNESS VILLAGE v. ENLOW

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 INVERNESS VILLAGE v. ENLOW
2014 OK CIV APP 63
Case Number: 112142
Decided: 04/11/2014
Mandate Issued: 07/02/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 63, __ P.3d __

INVERNESS VILLAGE, an Oklahoma not for profit corporation, Plaintiff/Appellee,
v.
JaNELL ENLOW, the duly elected Assessor of Creek County; BYRON DAVIS, the duly elected Treasurer of Creek County; and the CREEK COUNTY BOARD OF TAX ROLL CORRECTIONS, a Political Subdivision of the State of Oklahoma, Defendants/Appellants,
and
INDEPENDENT SCHOOL DISTRICT NO. 33 OF CREEK COUNTY, OKLAHOMA, Intervenor Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF CREEK COUNTY, OKLAHOMA

HONORABLE JOE SAM VASSER, JUDGE

AFFIRMED

Robert D. James, Jed W. Isbell, Conner & Winters, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellee Inverness Village.
J. Douglas Mann, Jerry A. Richardson, Rosenstein, Fist & Ringold, Tulsa, Oklahoma, for Defendants/Appellants JaNell Enlow, Assessor, Byron Davis, Treasurer, the Creek County Board of Tax Roll Corrections, and Intervenor Defendant/Appellant School District,
Michael Loeffler, Creek County District Attorney's Office, Bristow, Oklahoma, for Defendants/Appellants JaNell Enlow, Assessor, Byron Davis, Treasurer, and the Creek County Board of Tax Roll Corrections,

Larry Joplin, Presiding Judge:

¶1 Defendants/Appellants JaNell Enlow, the duly elected Assessor of Creek County, Byron Davis, the duty elected Treasurer of Creek County, the Creek County Board of Tax Roll Corrections, a Political Subdivision of the State of Oklahoma, and Intervenor Defendant/Appellant Independent School District No. 33 of Creek County, Oklahoma (individually, Assessor, Treasurer, Board and School District, or, collectively, Defendants or Appellants), seek review of the trial court's order granting the motion for summary judgment of Plaintiff/Appellee Inverness Village, an Oklahoma not for profit corporation (Plaintiff or Appellee), in its action for an injunction and declaratory judgment on the issue of ad valorem taxes due under a prior settlement agreement and judgment. Defendants assert Plaintiff is obligated to pay additional ad valorem taxes under the prior settlement agreement and judgment, over and above the taxes already billed to and paid by Plaintiff.

¶2 Plaintiff owns improved real property in Creek County, Oklahoma, on which it built and operates a retirement community. Plaintiff claimed a charitable exemption from ad valorem taxation for the tax years 2001, 2002, 2003 and 2004. The Assessor denied the claimed exemptions, Plaintiff appealed to the Board, and Board denied the exemptions. Plaintiff paid the assessed taxes for the years 2001, 2002 and 2003 under protest, and, by separate actions commenced in 2002, 2003 and 2004, Plaintiff appealed to the trial court (hereinafter, the 2002/2003 Protests).

¶3 By Joint Application in the 2002/2003 Protests, all of the parties subsequently requested the trial court's approval of a settlement. Under the terms of the settlement, Plaintiff agreed to withdraw all of its prior appeals, and consented to distribution of the taxes previously paid under protest. For purposes of the tax years 2004 through 2008, the parties further agreed to the value of Plaintiff's property for ad valorem tax purposes, the rate at which Plaintiff would be taxed, the manner in which Plaintiff's ad valorem taxes would be calculated for the tax years 2004 through 2013, and Plaintiff agreed it would not seek any exemption from tax for those years. The parties further agreed:

14. The court shall retain jurisdiction over the parties, their successors and assigns and jurisdiction of this matter, for enforcement of all of the terms and conditions of this joint application and any order entered pursuant hereto until all of the terms and conditions of this joint application have been complied with in all respects.

15. All parties hereto and their agents, successors and assigns waive their rights of appeal as to any order entered by the court pursuant to this joint application and waive their rights to seek during the Standstill Period any modification of any order entered pursuant hereto.

¶4 By Journal Entry of Judgment filed February 3, 2005, the trial court held "the Joint Application is a fair and proper disposition of the matters referred to . . . and all of the terms and conditions of the Joint Application should be and are hereby made the order of this court." For the tax years 2005 through 2012, the Assessor billed and the Plaintiff paid the ad valorem taxes claimed due without objection.

¶5 In the fall of 2012, however, the Assessor allegedly discovered that, as a result of a mistake in the manner the Assessor calculated the taxes due under the settlement agreement, Plaintiff had paid some $520,439.20 less in ad valorem taxes for the years 2005, 2006, 2009, 2010, 2011 and 2012 than called for by the settlement agreement.[1] The Assessor notified Plaintiff of the mistake and demanded payment of the sum calculated due.

¶6 Plaintiff paid under protest. On January 22, 2013, Plaintiff commenced the instant action in the trial court for an injunction and declaratory judgment. Plaintiff sought a determination that, pursuant to 68 O.S. §2871, Board could not correct the tax rolls, and the Assessor could not reassess or levy additional taxes, after the assessed taxes had been paid. Defendants sought dismissal of Plaintiff's action, which the trial court denied.

¶7 On February 11, 2013, Defendants filed a Joint Motion in the 2002/2003 Protests to enforce the 2005 settlement agreement. Defendants argued the parties agreed the settlement agreement and judgment controlled the amount of taxes Plaintiff was obligated to pay.

¶8 On April 1, 2013, Plaintiff filed its motion for summary judgment in the instant case and asserted that, under 68 O.S. §§2871 and 2884, its property could not be reassessed, and additional taxes levied, after the taxes originally levied had been paid. On the same date, Defendants filed their Joint Motion for Summary Judgment in the instant case, seeking enforcement of the 2005 settlement agreement. On April 15, Plaintiff and Defendants each filed a response to the other's motion for summary judgment.

¶9 Also on April 15, 2013, Plaintiff responded to Defendants' motion to enforce in the 2002/2003 Protests, and again asserted its property could not be reassessed, and additional taxes levied, after the taxes originally levied had been paid. On April 29, Defendants filed their reply, and again argued the terms of the 2005 agreement controlled.

¶10 By order filed July 29, 2013, the trial court disposed of all pending matters in both the 2002/2003 Protests and the instant case:

Plaintiff asserts that the agreement amounts to no more than a waiver of right to claim an exemption and there was otherwise no agreement to depart from the tax Code's statutory procedure.

Defendants claim that plaintiff waived any right to take advantage of provisions of the Ad Valorem Tax Code by virtue of entering into the settlement. In the alternative, Defendants claim that the correction of the tax rolls is pursuant to the order of the court approving the settlement and the correction is "pursuant to an order or decree of court" and also allowed by another provision of 68 OS §2871.

The rule to be applied in this case is fairly simple. It was stated in Public Service Company of Oklahoma vs. State of Oklahoma ex rel Oklahoma Corporation Commission, 2005 OK 47, 115 P.3d 861:

"Extant applicable law is a part of every contract in this state as if it were expressly cited or its terms incorporated in the contract. An intent to modify applicable law by contract is not effective unless the power is expressly exercised. A contractual adjustment of rights contrary to law must be clearly expressed in the agreement if applicable law is not to be applied."

. . .

It is difficult to determine the intent of contracting parties who probably never considered the possibility of the present dispute. This difficulty itself answers the problem. The application, which constitutes the agreement of the parties, contains no clear intent to alter the provisions of 68 O.S. §2871 B limiting the correction of assessments that have been paid. Lacking such a clear intent, the statutory provision stands and prohibits the correction of the earlier assessment. For this reason the motions of Defendants and Intervenors are overruled and the motion of Plaintiff for summary judgment is sustained. . . .

By Journal Entry of Judgment filed August 13, 2013, the trial court memorialized its disposition of all pending matters. Defendants appeal, and the matter stands submitted on the trial court record.[2]

¶11 "Where a controversy is resolved by summary judgment, the appellate courts review the entire summary judgment record independently and without deference to a lower court," i.e., de novo. Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶11, 160 P.3d 959, 963. "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." Id.

¶12 "[A] consent judgment [is] an agreement of the parties entered upon the record with the sanction of the court." Whitehorse v. Johnson, 2007 OK 11, ¶10, 156 P.3d 41, 46. "The judgment is the result of negotiations between the parties and the subsequent settlement of the issues involved presented to the court as a proposed judgment." Id. "Although a consent judgment is not a judicial determination of the rights of the parties, it acquires the status of a judgment through the judge's approval of the pre-existing agreement of the parties." Id.

¶13 In this respect, "[a] consent judgment is in the nature of a contract and construed the same as any other contract." Whitehorse, 2007 OK 11, ¶10, 156 P.3d at 46. As in contract cases generally:

If the terms of a contract are unambiguous, clear and consistent, they are accepted in their plain and ordinary sense and the contract will be enforced to carry out the intention of the parties as it existed at the time it was negotiated. The interpretation of a contract, and whether it is ambiguous is a matter of law for the Court to resolve. Contractual intent is determined from the entire agreement. If a contract is complete in itself and viewed in its entirety is unambiguous, its language is the only legitimate evidence of what the parties intended. The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision.

Whitehorse, 2007 OK 11, ¶14, 156 P.3d at 47. (Footnotes omitted.)

¶14 Further, "a part of every contract in this state is the law applicable to that contract." Brown v. Patel, 2007 OK 16, ¶10, 157 P.3d 117, 121. (Citation omitted.) As the trial court noted:

. . . Extant applicable law is a part of every contract in this state as if it were expressly cited or its terms incorporated in the contract. An intent to modify applicable law by contract is not effective unless the power is expressly exercised. A contractual adjustment of rights contrary to law must be clearly expressed in the agreement if applicable law is not to be applied.

Public Service Co. of Oklahoma, 2005 OK 47, ¶54, 115 P.3d at 884. (Footnotes omitted.) That is, "[s]ilence on an issue of applicable law in an agreement will not negate that law; rather a contractual adjustment of rights contrary to law must be clearly expressed in the agreement before applicable law will not apply." Heiman v. Atlantic Richfield Co., 1995 OK 19, ¶12, 891 P.2d 1252, 1257-58, fn. 5. (Citation omitted.) Stated otherwise, "[t]he existing applicable law is part of every contract as if it were expressly referred to or incorporated within the agreement," the "state may impose statutory limits on the right to contract where the limitation is a reasonable exercise of its police power, and in such case the statute is an implied part of the contract, with obligations subject to the prohibitions in the statute." Welty v. Martinaire of Oklahoma, Inc., 1994 OK 10, ¶11, 867 P.2d 1273, 1276. (Citations omitted.)

¶15 In the present case, the 2005 consent judgment plainly and unambiguously sets out the parties' agreement concerning the value of Plaintiff's property, the rate at which the property would be taxed, and the manner in which the tax would be calculated. However, the consent judgment is entirely silent concerning the consequences of a mistake in the manner of the calculation of Plaintiff's tax, or whether a mistake in the manner of the calculation of Plaintiff's tax might be remedied retroactively.

¶16 More specifically, while Plaintiff clearly waived its right to seek any exemption under the ad valorem tax code, the consent judgment is entirely silent on the extent to which the parties agreed to adopt or waive the provisions of the ad valorem tax code concerning the levy of additional tax for prior years. In this contractual vacuum, and absent a clear expression of the parties' agreement that the relevant provisions of the ad valorem tax code concerning reassessment should not apply, it must be presumed they do.

¶17 On this issue, the ad valorem tax code, 68 O.S. §2871(B), provides in pertinent part:

[The] board of tax roll corrections . . . is hereby authorized to hear and determine allegations of error, mistake or difference as to any item or items so contained in the tax rolls, . . . upon discovery by the county treasurer or assessor before the tax has been paid or attempted to be paid and disclosure by statement of fact in writing signed by the treasurer or assessor and verified by the assessor or treasurer as the case may be. . . .

(Emphasis added.) So, if the taxes have been paid prior to the hearing before the board of tax roll corrections, the board may not issue a certificate of error for correction of the tax roll to the country assessor. 68 O.S. §2871(D). Under §2871, the Court of Civil Appeals has expressly held underpayments of ad valorem tax for previous years may not be recovered after the assessed tax has been paid. McMullan v. County Bd. of Tax Roll Corrs., 2005 OK CIV APP 61, 119 P.3d 781.

¶18 That said, we hold the trial court properly determined Plaintiff is not liable for the underpayment of ad valorem tax in previous years after the assessed taxes had been paid. The order of the trial court is therefore AFFIRMED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.

FOOTNOTES

[1] The Assessor alleged that, as a result of a mistake in the calculation of taxes due under the settlement agreement, Plaintiff had underpaid ad valorem taxes in the years 2005 ($36,576.96), 2006 ($18,426.24), 2009 ($71,907.00), 2010 ($71,932.00), 2011 ($162,217.00), 2012 ($159,380.00), and the Board corrected the tax rolls to so reflect.

[2] See, Rule 13(h), Rules for District Courts, 12 O.S., Ch. 2, App.; Okla.Sup.Ct.R. 1.36, 12 O.S., Ch. 15, App. 1.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2005 OK CIV APP 61, 119 P.3d 781, McMULLAN v. OKLA. COUNTY BOARD OF TAX ROLL CORRECTIONS
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1994 OK 10, 867 P.2d 1273, 65 OBJ 457, Welty v. Martinaire of Oklahoma, Inc.
Discussed 1995 OK 19, 891 P.2d 1252, 66 OBJ 863, Heiman v. Atlantic Richfield Co.
Discussed 2005 OK 47, 115 P.3d 861, PUBLIC SERVICE CO. OF OKLA. v. STATE ex rel. OKLA. CORP. COMM'N
Discussed at Length 2007 OK 11, 156 P.3d 41, WHITEHORSE v. JOHNSON
Discussed at Length 2007 OK 16, 157 P.3d 117, BROWN v. PATEL
Discussed 2007 OK 38, 160 P.3d 959, LOWERY v. ECHOSTAR SATELLITE CORP.
Discussed
Title 68. Revenue and Taxation Cite
Name
Level 68 O.S. 2871, Corrections or Alterations after Delivery - Board of Tax Roll Corrections - Hearing - Error in Taxes - Right of Appeal
Discussed at Length