2007 OK 11

Manilla WHITEHORSE, Administratrix of the Estate of Roland Noah Whitehorse, Deceased, Plaintiff/Appellant,

v.

Susan Joyce JOHNSON and Janet Laura Tippeconnic, Defendants/Appellees.

No. 101957.

Supreme Court of Oklahoma.

Feb. 27, 2007.

Robert J. Haupt, Charles W. Wright, Oklahoma City, for Plaintiff/Appellant.

O. Joseph Williams, Norman, for Defendants/Appellees.

KAUGER, J.

■ ¶ 1 The issue presented is whether a party may recover attorneys' fees and costs pursuant to a court-approved agreed judgment. We hold that when a settlement agreement which provides for attorneys' fees and costs in the event of a breach culminates in a court-approved judgment and is violated, the non-breaching party is entitled to reasonable attorneys' fees and costs.

1. Apparently, this proceeding was brought at the same time a probate action was pending. The petition filed August 26, 1998, states that Manila Whitehorse was appointed Administratrix of the Estate of Roland Noah Whitehorse on the 16th day of May, 1998, by the District Court of Cleveland County, in case # P–98–61C.

2. The November 22, 2004, Journal Entry provides:

Now on this 5th day of October 2004, this matter comes for trial. Appearing with the Plaintiff are attorneys Robert J. Haupt, James M. Barber and Bradford M. Mazo of Haupt, Brooks Vandrudff, PLLC. Appearing with the Defendants is O. Joseph Williams. After substantial controversy and negotiation, the parties, along with their brother, Charles M. Whitehorse, individually and as Administrator of the Estate of June Louise Whitehorse, have agreed to settle all disputes between them related to the estates of their parents, Roland Noah Whitehorse and June Louise Whitehorse. The Court, having considered the presentations and representations of the attorneys on behalf of the parties, and being fully advised in the premises, FINDS, ORDERS, ADJUDGES AND DECREES as follows:

## FACTS

¶ 2 On August 26, 1998, the appellant, Manilla Whitehorse, the daughter of Roland Noah Whitehorse and Administratrix of his estate (Whitehorse) filed a lawsuit against her sisters, the appellees, Susan Joyce Johnson and Janet Laura Tippeconnic, (collectively sisters). Whitehorse alleged that the sisters, acting under their authority as attorneys in fact, sold some of her father's real property shortly before his death and improperly retained the proceeds of approximately $35,000.00. She sought an accounting of the proceeds.[1]

¶ 3 On October 5, 2004, before the cause was to proceed to trial, the trial judge encouraged the parties to resolve their issues. Later that day, the parties agreed on a settlement, which was memorialized as a journal entry on November 22, 2004. The sisters agreed to: 1) judgment in the amount of $35,396.50; 2) cooperate in sharing and exchanging family photographs; 3) make available for one another the use of molds of their father's sculptures; 4) donate certain property; and 5) resolve all other pending litigation. The agreement provided that if the sisters complied with the settlement agreement the judgment against them would be reduced to $18,000;[2] and that each party would "bear

1. Judgment shall be entered in favor of Plaintiff in the amount of $35,396.50.
2. However, should Defendants satisfy their obligations as follows, the judgment shall be reduced to $18,000.00.
   a. Defendants shall pay to the Estate of June Louise Whitehorse, Charles M. Whitehorse, Administrator, the sum of $18,000, as follows:
      1) Delivery *instanter* of Certificates of Deposit in the amount of $15,000.00.
      2) Delivery *instanter* $3000.00.
      3) Any liens or encumbrances attached to or associated with these Certificates of Deposit shall be released no later than December 31, 2004.
   3) [sic] Additionally,
      a. Defendants shall waive any claim they have in the estates of or proceeds from either Roland Noah Whitehorse or June Louise Whitehorse that are pending in Oklahoma state probate courts. This shall in no way affect or waive any claim that they may have in the estates or proceeds from either Roland Noah Whitehorse or June Louise Whitehorse concerning trust assets that are under the jurisdiction of the United States Department of the Interior.

its own attorneys' fees and costs." [3]

¶ 4 On January 19, 2005, Whitehorse filed a Motion to Tax Attorneys' Fees and Costs arguing that because the sisters failed to fulfill the terms of the journal entry, she was entitled to attorneys' fees and costs. Whitehorse also insisted that because she sought a simple accounting of the funds, attorneys' fees were recoverable pursuant to *12 O.S. 2001 § 936*.[4] The trial court denied the motion and determined that Whitehorse was not a prevailing party under § 936, because there was not a judgment on the merits.

¶ 5 Whitehorse appealed, and on August 18, 2006, in an unpublished opinion, the Court of Civil Appeals affirmed, determining that § 936 was inapplicable and that the judgment was not a contract. We granted certiorari on November 20, 2006.

## ¶ 6 WHEN A SETTLEMENT AGREEMENT WHICH PROVIDES FOR ATTORNEYS' FEES AND COSTS IN THE EVENT OF A BREACH CULMINATES IN A COURT–APPROVED JUDGMENT AND IS VIOLATED, THE NON–BREACHING PARTY IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS.

¶ 7 The sisters argue that: 1) *12 O.S. 2001 § 936*[5] is inapplicable to the present cause and even if it were applicable, Whitehorse is not a prevailing party under the statute; and 2) the journal entry does not provide a legal basis for the recovery of attorneys' fees and costs. Whitehorse contends that: 1) attorneys' fees were recoverable pursuant to *12 O.S.2001 § 936*; and, alternatively, 2) the settlement agreement provided for the recovery of attorneys' fees and costs in the event of a breach of the agreement.[6]

   b. The parties shall cooperate in making available and in allowing to be scanned, copied, or reproduced, by each other, family photographs of their parents.
   c. The parties shall make available for use by each other, the molds of Roland Whitehorse's sculptures, to the extent they are useable.
   d. The parties shall make available for use by each other, the bronze sculptures by Roland Whitehorse, in their individual possession, for castings for reproduction purposes at the expense of the family member seeking such casting.
   e. The parties shall jointly donate to the Sam Noble Museum of Natural History, Norman, Oklahoma, in memory of Roland and June Whitehorse, the Maria Martinez pottery item currently held by Manilla Whitehorse.
   f. All litigation and dispute between the family members, Manilla Whitehorse, individually and as Administratrix of the Estate of Roland Noah Whitehorse; Charles M. Whitehorse, individually and as Administrator of the Estate of June Louise Whitehorse, Susan Joyce Johnson; and Janet Laura Tippeconnic, are resolved and settled as of this date. In furtherance of this resolution, the parties will take such steps to dismiss all litigation related to the estates of Roland Noah Whitehorse and June Louise Whitehorse, either pending or otherwise available to them in this or any other court of competent jurisdiction.
   g. Manilla Whitehorse shall take such steps as are necessary to settle the Estate of June Louise Whitehorse, Case No. PB–2003–140, in the District Court of Comanche County, Oklahoma.

   9. [sic] So long as Defendants satisfy their obligations under paragraph 2, each party shall bear its own attorneys' fees and costs.

3.  *Id.*

4.  Title *12 O.S.2001 § 936* provides:
    In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set out by the court, to be taxed and collected as costs.
    The statute had remained unchanged since 1970 and references are to the 2001 version. However, we note that in 2002, the statute was amended to make minor changes providing:
    In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

5.  *Id.*

6.  Whitehorse's main argument in the trial court and on appeal was that she was entitled to attorneys' fees and costs pursuant to *12 O.S.2001 § 936*. However it is clear from the record that Whitehorse also sought fees in connection with the alleged breach of the settlement agree-

¶ 8 We agree that *12 O.S.2001 § 936* is clearly inapplicable to this cause. There are eight different types of actions enumerated in § 936 which could result in the award of attorneys' fees.[7] These include: 1) open accounts;[8] 2) statements of account;[9] 3) accounts stated;[10] 4) bills; 5) contracts relating to the purchase or sale of goods, wares, or merchandise; 6) notes; 7) negotiable instruments; and 8) labor and services. A demand for an accounting of proceeds of estate property alleged to have been falsely procured by attorneys in fact is not one of the actions listed under § 936.

Nor would the fact that the cause resulted in a settlement agreement which a party now seeks to enforce, bring it within the scope of the statute.[11] This cause resembles more one for an equitable accounting—a proceeding to adjust mutual accounts and strike a balance—than any of the causes of action enumerated in § 936.[12] This, however, does not end our inquiry. The question remains concerning whether attorneys' fees and costs are recoverable pursuant to the settlement agreement which culminated in an agreed judgment.[13]

ment/journal entry, although she erroneously plead relief under § 936. A pleading should be construed in its entirety because the rules of pleading at both the trial and the appellate level have been liberalized to allow courts to focus attention on substantive merits of the dispute rather than upon procedural niceties. *Markwell v. Whinery's Real Estate, Inc.*, 1994 OK 24, ¶¶ 6–7, 869 P.2d 840. Here, the issues briefed and the summary of the case adequately informed the court of Whitehorse's arguments regarding both the application of the statute and the breach of the contract (settlement agreement/journal entry).

7. *State ex rel. State Insurance Fund v. Great Plains Care Center, Inc.*, 2003 OK 79, ¶ 5, 78 P.3d 83; *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16, 806 P.2d 648.

8. *State ex rel. State Insurance Fund v. Great Plains Care Center, Inc.*, see note 7, supra at ¶ 6; *Office of Governor–Dept. Indus. Development v. Dalton*, 1977 OK 34, ¶ 6, 560 P.2d 971. [Existence of at least three factors are required to establish an open account: 1) an account based upon running or concurrent dealings; 2) these dealings have not been closed, settled or stated; 3) some term of the contract remains to be settled between parties, or the agreement contemplates further transactions between the parties. Although the term 'account' may be difficult to define and somewhat flexible in meaning, Black's Law Dictionary, Revised Fourth Edition, p. 34 indicates it involves debts and credits and might include payments, losses, sales, debits, credits, etc. in most cases showing a balance.]. [An express contract . . . is not, as a rule, an open account]. *State ex rel. State Insurance Fund v. Great Plains Care Center, Inc.*, see note 7 supra, at ¶ 8; *Epperson v. Halliburton*, 1967 OK 212, ¶ 14, 434 P.2d 877; *Globe & Republic Ins. Co. of America v. Independent Trucking Co.*, 1963 OK 274, ¶ 18, 387 P.2d 644.

9. Statement of account is defined as: "[a] report issued monthly or periodically by a bank or creditor to a customer setting forth the amounts billed, credits given and balance due." Black's Law Dictionary 1263 (5th ed.1979).

10. *State ex rel. State Insurance Fund v. Great Plains Care Center, Inc.*, see note 7 supra at ¶ 11; *Webster Drilling Co. v. Sterling Oil of Oklahoma, Inc.*, 1962 OK 242, ¶ 9, 376 P.2d 236. [An account stated is an agreement, express or implied. The amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular constituent items.].

11. The underlying cause of action determines the applicability of § 936. *State ex rel. State Insurance Fund v. Great Plains Care Center, Inc.*, see note 7, supra; *Natkin & Co. v. Midwesco, Inc.*, 1993 OK 143, ¶ 11, 863 P.2d 1222. In *Edwards v. Walden*, 1979 OK 74, ¶ 10, 595 P.2d 445, the Court held that a plaintiff who successfully sought specific performance of a settlement agreement was prevailing party upon cause of action founded in contract, and not on an "account stated" as claimed, thus § 936 was inapplicable.

12. See, *Fleet v. Sanguine, Ltd.*, 1993 OK 76, ¶ 5, 854 P.2d 892.

13. Neither the trial court nor the parties dismissed the cause following settlement. Had the cause been dismissed, a jurisdictional question would have been presented concerning the trial court's authority to rule on the matter presented. Rather, the cause culminated in a court-approved judgment. Some settlement agreements which culminate into a court-approved judgment contain a clause wherein the court retains jurisdiction to reopen the case, if necessary, to conclude the litigation by non-jury trial or to enforce the terms of the settlement agreement. See, e.g., *Shawnee Hospital Authority v. Dow Construction, Inc.*, 1990 OK 137, ¶ 9, n. 16, 812 P.2d 1351; *Karlin v. Karlin*, 2005 WL 3525941 (Okla.Dist. 2005). Here, no such clause exists. Nevertheless, even without an express reservation thereof, jurisdiction inherently remains in the trial court to make such orders as may be necessary to enforce its judgment. Oklahoma law teaches that if a trial court possesses the jurisdiction

### a. A Settlement Agreement Resulting in a Court–Approved Agreed Judgment Has the Same Force and Effect as a Contract.

¶ 9 The law and public policy favor settlements and compromises, entered into fairly and in good faith between competent persons, as a discouragement to litigation [14] and such agreements are generally enforced absent fraud, duress, undue influence, or mistake.[15] A contract is an agreement to do or not to do a certain thing.[16] A settlement agreement is a contract [17] which constitutes a compromise between two or more parties to avoid a lawsuit and amicably to settle their differences on such terms as they can agree.[18] A contract includes not only the promises set forth in express words, but all such implied provisions as are indispensable to effectuate the intent of the parties and as arise from the language of the contract and the circumstances under which it was made.[19]

¶ 10 We have, in the context of a divorce proceeding, described a consent judgment as an agreement of the parties entered upon the record with the sanction of the court.[20] The judgment [21] is the result of negotiations between the parties and the subsequent settlement of the issues involved presented to the court as a proposed judgment.[22] Although a consent judgment is not a judicial determination of the rights of the parties, it acquires the status of a judgment through the judge's approval of the pre-existing agreement of the parties.[23] A consent judgment is in the nature of a contract and construed the same as any other contract,[24] and we recognize the entry of a consent decree as an appropriate procedure for the adjudication of the settlement of a justiciable controversy.[25]

### b. Under the American Rule, Parties to a Contract Can Agree to Pay Attorneys' Fees and Costs.

¶ 11 The sisters do not dispute that a valid agreement was reached, or that

needed to render judgment, it has the authority and power to enforce the same and give it effect. *Dewey v. State of Oklahoma, ex rel. Oklahoma Firefighters Pension and Retirement System,* 2001 OK 40, ¶ 16, 28 P.3d 539; *Abel v. Tisdale,* 1980 OK 161, ¶ 10, 619 P.2d 608; *Lambert v. Hill,* 1937 OK 331, ¶ 6, 181 Okla. 225, 73 P.2d 124. Whitehorse's Motion to Tax Attorneys' Fees and Costs is nothing more than a motion for an order requiring the sisters to comply with the court-approved settlement agreement. The meaning and effect of an instrument filed in court depends on its contents and substance rather than on the form or title given it by the author. *Hulsey v. Mid–America Preferred Ins. Co.,* 1989 OK 107, ¶ 8, n. 14, 777 P.2d 932; *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶ 4, 681 P.2d 757; *Amarex v. Baker,* 1982 OK 155, ¶ 18, 655 P.2d 1040.

14. *Whitehead v. Whitehead,* 1999 OK 91, ¶ 9, 995 P.2d 1098.

15. *Corbett v. Combined Communications Corp. of Oklahoma, Inc.,* 1982 OK 135, ¶ 5, 654 P.2d 616.

16. Title *15 O.S.2001 § 1* provides:
A contract is an agreement to do or not to do a certain thing.

17. *See, Rader v. Farmers Insurance Co., Inc.,* 1997 OK 16, ¶ 17, 934 P.2d 332; *Corbett v. Combined Communications Corp. of Oklahoma, Inc.,* see note 15, supra.

18. *Fisk v. Bullard,* 1951 OK 370, ¶ 4, 205 Okla. 502, 239 P.2d 424; *Cole v. Harvey,* 1948 OK 187,

¶ 8, 200 Okla. 564, 198 P.2d 199; *Scott v. Scott,* 1928 OK 303, ¶ 22, 131 Okla. 144, 268 P. 245.

19. *Miller v. Independent School Dist. No. 56 of Garfield County,* 1980 OK 19, ¶ 11, 609 P.2d 756; *Cox v. Curnutt,* 1954 OK 150, ¶ 17, 271 P.2d 342.

20. *Holleyman v. Holleyman,* 2003 OK 48, ¶ 11, 78 P.3d 921; *Whitehead v. Whitehead,* see note 14, supra.

21. Title *12 O.S.2001 § 681* provides:
A judgment is a final determination of the rights of the parties in an action.
Title *12 O.S.2001 § 1116* provide:
Every direction of a court or judge made or entered in writing, and not included in a judgment, is an order.

22. *Holleyman v. Holleyman,* see note 20, supra; *Whitehead v. Whitehead,* see note 14, supra.

23. *Id.*

24. *Holleyman v. Holleyman,* see note 20, supra; *Insurance Service Co. v. Finegan,* 1945 OK 352, ¶ 7, 196 Okla. 441, 165 P.2d 620; *Grayson v. Pure Oil Co.,* 1941 OK 350, ¶ 22, 189 Okla. 550, 118 P.2d 644 [An agreed judgment is in the nature of a contract and is to be construed as other contract.].

25. *In the Matter of the Estate of Faulkner,* 1972 OK 160, ¶ 18, 504 P.2d 875.

it was incorporated into and made part of the trial court's consent judgment of November 22, 2004. However, they contend that the judgment does not provide for the recovery of attorneys' fees as a matter of law.

¶ 12 Oklahoma follows the American Rule concerning the recovery of attorney fees. It provides that each litigant pay for legal representation and that courts are without authority to assess attorney fees in the absence of a specific statute or contract.[26] Exceptions to the Rule are narrowly defined because attorney fee awards against the non-prevailing party have a chilling effect on open access to the courts.[27]

¶ 13 In the present cause, the parties were ready to go to trial, but at the request of the trial judge a settlement was reached.[28] The record reflects that: "[i]t is the intention of the parties that all matters...shall be settled today...."[29] The subsequent journal entry stated that should the sisters satisfy their obligations the judgment would be reduced to $18,000. The journal entry further provided that so long as the sisters satisfied their obligations each party would bear its own attorneys' fees and costs.[30]

¶ 14 If the terms of a contract are unambiguous, clear and consistent, they are accepted in their plain and ordinary sense and the contract will be enforced to carry out the intention of the parties as it existed at the time it was negotiated.[31] The interpretation of a contract, and whether it is ambiguous is a matter of law for the Court to resolve.[32] Contractual intent is determined from the entire agreement.[33] If a contract is complete in itself and viewed in its entirety is unambiguous, its language is the only legitimate evidence of what the parties intended.[34] The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision.[35]

¶ 15 Applying these general principles, we hold that the purpose of the settlement agreement was to avoid a lawsuit and amicably settle the dispute on such terms as the parties agreed. The obvious purpose of including an attorneys' fees clause was to provide, as incentive for timely compliance with the terms of the settlement agreement, that each party would pay its own attorneys' fees and costs. Implicit in the provision is that

26. *Head v. McCracken*, 2004 OK 84, ¶ 14, 102 P.3d 670; *Fulsom v. Fulsom*, 2003 OK 96, ¶ 8, 81 P.3d 652; *State ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, ¶ 16, 61 P.3d 234.

27. *Id.*

28. Transcript of Proceedings had on October 5, 2004, p. 11.

29. Transcript of Proceedings had on October 5, 2004, p. 13.

30. The November 22, 2004, Journal Entry, see note 2, supra.

31. *Southern Corrections Systems, Inc. v. Union Public Schools*, 2002 OK 93, ¶ 14, 64 P.3d 1083; *K & K Food Services, Inc. v. S & H, Inc.*, 2000 OK 31, ¶ 7, 3 P.3d 705; *Osprey L.L.C. v. Kelly–Moore Paint Co.*, 1999 OK 50, ¶ 13, 984 P.2d 194. *See*, 15 O.S.2001 § 154 provides:

The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.
*15 O.S.2001 § 152* provides:
A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful.

32. *Southern Corrections Systems, Inc. v. Union Public Schools*, see note 31, supra; *K & K Food Services, Inc. v. S & H, Inc.* see note 31, supra; *Osprey L.L.C. v. Kelly–Moore Paint Co.*, see note 31, supra.

33. *Southern Corrections Systems, Inc. v. Union Public Schools*, see note 31, supra; *Buck's Sporting Goods, Inc. of Tulsa v. First National Bank & Trust Co. of Tulsa*, 1994 OK 14, ¶ 12, 868 P.2d 693. Title *15 O.S.2001 § 157*:

The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.

34. *Southern Corrections Systems, Inc. v. Union Public Schools*, see note 31, supra; *Founders Bank & Trust Co. v. Upsher*, 1992 OK 35, ¶ 11, 830 P.2d 1355; Title *15 O.S.2001 § 155* provides:

When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, subject, however, to the other provisions of this article.

35. *Osprey L.L.C. v. Kelly–Moore Paint Co.*, see note 31, supra; *Wynn v. Avemco Ins. Co.*, 1998 OK 75, ¶ 17, 963 P.2d 572; *Pierce, Couch, Hendrickson, Baysinger & Green v. Freede*, 1997 OK 33, ¶ 21, 936 P.2d 906.

noncompliance would require payment of the fees and costs to Whitehorse in the event the terms of the contract were not met. The attorneys' fees and costs provision unambiguously required the payment of such fees and costs in the event of a breach.

¶ 16 However, the trial court made its decision in the context of whether Whitehorse was a prevailing party under *12 O.S. 2001 § 936*.[36] It did not make any findings regarding the amount of attorneys' fees and costs as a result of the breach. The sisters do not dispute Whitehorse's allegations that they have not met their obligations of the agreed judgment. Accordingly, we remand to the trial court for a determination of the reasonable amount of attorneys' fees and costs which are due.

### CONCLUSION

¶ 17 Under the American Rule, parties may agree by contract to pay for litigation expenses.[37] A settlement agreement which culminates in a court-approved judgment is treated as any other contract. If it provides for attorneys' fees and costs, in the event of its breach, the non-breaching party is entitled to reasonable attorneys' fees and costs. However, the question remains as to the reasonable amount of attorneys' fees and costs. Consequently, this cause is remanded to the trial court for a determination as to the reasonable amount of attorneys' fees and costs.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED AND REMANDED WITH DIRECTIONS.**

WINCHESTER, C.J., EDMONDSON, V.C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, TAYLOR, COLBERT, JJ., concur.

WATT, J., dissents.

---

36. Title *12 O.S.2001 § 936,* see note 4, supra.

37. *Head v. McCracken,* see note 26, supra; *Fulsom v. Fulsom,* see note 26, supra; *State ex rel. Tal v. City of Oklahoma City,* see note 26, supra.