FILED
United States Court of Appeals
Tenth Circuit

June 10, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NEWTON AGRAWAL, Ph.D.,

      Plaintiff-Appellant,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF OKLAHOMA,
d/b/a University of Oklahoma Health
Sciences Center at Oklahoma City,

      Defendant-Appellee.

No. 08-6110
(D.C. No. 5:07-CV-00728-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

Plaintiff-Appellant, Newton Agrawal, Ph.D., appeals from the district

court's April 10, 2008, sealed minute entry enforcing a settlement agreement

between himself and Defendant-Appellee, the University of Oklahoma Board of

Regents (the University). The parties are familiar with the facts and the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

procedural history of this case and we need not restate either in detail here. Suffice it to say that Mr. Agrawal sued the University in 2005, challenging his academic dismissal from the University's Health Sciences Center medical school. The parties entered settlement negotiations in 2007, and in early 2008, they executed the aforementioned settlement agreement. On April 10, 2008, the district court conducted a motion hearing and ruled from the bench. Specifically, the court (1) held the settlement agreement final and binding on all parties, (2) denied Mr. Agrawal's "Application for Substitution of Counsel to Complete Settlement Agreement and/or to File the Amended Petition" (because it presupposed a binding settlement agreement was not in place), and (3) dismissed the case with prejudice. The court's decision was memorialized in the April 10, 2008, sealed minute entry. This appeal followed.

We begin by addressing our appellate jurisdiction. The University contends this court lacks jurisdiction because Mr. Agrawal's notice of appeal failed to "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), and a "functional equivalent," *Smith v. Barry*, 502 U.S. 244, 248 (1992) (quotation omitted), was not filed within the thirty-day deadline prescribed by Fed. R. App. P. 4(a)(1)(A). But where, as here, a district court fails to set out judgment in a separate document, the usual thirty-day deadline is inapplicable. *See Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing Fed. R. Civ. P. 58 (c)(2)(B)). Instead of thirty days,

-2-

Mr. Agrawal had 180 days from April 10 to file a timely notice of appeal, *In re Taumoepeau*, 523 F.3d 1213, 1216 (10th Cir. 2008), or a "functional equivalent," *Smith*, 502 U.S. at 248-49, and he did so. His July 31 "Memorandum Brief," sets forth the decision being appealed and it was filed well within the applicable 180-day period. Accordingly, Mr. Agrawal's appeal is timely and we have jurisdiction to consider its merits.[1]

"'A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.'" *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)). We review the "decision to enforce such an agreement for an abuse of discretion." *Shoels*, 375 F.3d at 1060. "An abuse of discretion occurs when the district court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id.* (quotation omitted).

---

[1]     Even though the district court did not enter judgment dismissing this action as settled, *see, e.g., Heuser v. Kephart*, 215 F.3d 1186, 1189 (10th Cir. 2000), its minute entry resolved all matters as to all parties and left "nothing for the court to do but execute the judgment," *Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1156 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1650 (2008). As such, the minute entry is a final appealable order under 28 U.S.C. § 1291. *See id.* at 1157 (When considering whether a decision is final, our analysis is governed by "the substance of the district court's decision, not its label or form." (quotation omitted)).

"Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Id.* "[A]bsent fraud, duress, undue influence, or mistake," neither party is permitted to repudiate a settlement agreement. *Whitehorse v. Johnson*, 156 P.3d 41, 46 (Okla. 2007).

Having reviewed the briefs, the appendices, and applicable law in light of the above-mentioned standards, we hold that Mr. Agrawal has not identified any reversible error in this case. Simply stated, the district court did not abuse its discretion in enforcing the parties' settlement agreement because there is a "rational basis in the evidence" supporting its decision. *Shoels*, 375 F.3d at 1060. We therefore AFFIRM the district court's April 10, 2008, decision for substantially the same reasons as stated in its ruling from the bench and in its sealed minute entry memorializing that ruling.

Further, we GRANT the parties' motions to seal their respective briefs and the University's motion to seal its supplemental appendix. All other outstanding motions are DENIED as moot.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

-4-