PATEL v. TULSA PAIN CONSULTANTS
2022 OK 56
Case Number: 116827
Decided: 06/14/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 56, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

JAYEN PATEL, M.D., Plaintiff/Appellant,
v.
TULSA PAIN CONSULTANTS, INC., P.C.; MARTIN MARTUCCI, M.D.; ANDREW REVELIS, M.D.; ROBERT SAENZ; ALANA CAMPBELL; LAM NGUYEN, M.D.; PAT McFADDEN; and EBONDIE TITWORTH, Defendants/Appellees.
ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION I
¶0 Plaintiff/Appellant Jayen Patel, M.D. brought a tort claim for wrongful termination against Defendant/Appellee Tulsa Pain Consultants, Inc. (TPC). The trial court found Patel was not an at-will employee and entered a directed verdict in favor of TPC. Patel appealed, and Division I of the Court of Civil Appeals affirmed. TPC filed a motion for appeal-related attorney fees, which the Court of Civil Appeals denied. We granted certiorari to determine whether TPC has a contractual right to recover attorney fees as the prevailing party in Patel's wrongful termination claim. We hold that the specific language in the parties' employment agreement authorizes attorney fees in this case.
CERTIORARI PREVIOUSLY GRANTED;
ORDER OF THE COURT OF CIVIL APPEALS IS VACATED;
MOTION FOR APPEAL-RELATED ATTORNEY FEES IS GRANTED;
REMANDED TO THE TRIAL COURT.
R. Thompson Cooper, Roberson, Kolker, Cooper & Goeres, P.C., Edmond, Oklahoma, and Nick Larby, Larby & Associates, Tulsa, Oklahoma, for Appellant.
Amelia A. Fogleman, GableGotwals, Tulsa, Oklahoma, for Appellees. 
KANE, V.C.J.: 
¶1 We granted Defendant/Appellee Tulsa Pain Consultants, Inc.'s (TPC) petition for certiorari to determine whether TPC has a contractual right to appeal-related attorney fees as the prevailing party. Plaintiff/Appellant Jayen Patel, M.D. brought a tort claim for wrongful termination against TPC. TPC argued that Patel could not prevail on a Burk tort claim because, according to the terms of their employment contract, Patel was not an at-will employee. The trial court agreed and entered a directed verdict in favor of TPC. The Court of Civil Appeals affirmed the directed verdict but denied TPC's motion for appeal-related attorney fees. We hold that, pursuant to the specific terms of the parties' employment agreement, TPC is entitled to appeal-related attorney fees.
FACTS AND PROCEDURAL HISTORY
¶2 Patel was an employee and shareholder of TPC. TPC terminated Patel's employment in May 2010, and Patel filed suit against TPC and its shareholders in November 2010. After years of litigation and multiple appeals, the case went to jury trial on a single claim of wrongful termination. TPC moved for a directed verdict arguing that, pursuant to the terms of the Variable Compensation and Employment Agreement ("Employment Agreement") and the Shareholders Agreement, Patel was not an at-will employee. The trial court concluded that, "as a matter of law, [Patel] was not an at-will employee and, therefore, not within the class of persons who may bring a claim in tort for wrongful discharge based on the policy exception to the employment at-will rule within the meaning of Burk v. K-Mart Corp., , [sic]" and entered a directed verdict in favor of TPC.
¶3 Patel appealed both the directed verdict and the trial court's denial of his motion to amend to re-add claims he had previously dismissed. On January 10, 2020, Division I of the Court of Civil Appeals affirmed both decisions. The Court of Civil Appeals held that the trial court did not abuse its discretion by denying Patel's motion to amend and that, because TPC incurred liability for Patel's termination under the terms of the Employment Agreement, Patel was not an at-will employee for purposes of a Burk tort.
¶4 Relying on the attorney fees provision in the Employment Agreement, TPC filed a motion for appeal-related attorney fees. The attorney fees provision in the Employment Agreement provided: "If the services of an attorney are required by a party to secure the performance or interpretation of this agreement, the prevailing party will be entitled to reasonable attorney fees, costs and other expenses." TPC argued that Patel's wrongful termination claim required the interpretation of the Employment Agreement to determine whether Patel was an at-will employee. Patel objected to an award of attorney fees on two grounds. First, Patel argued TPC was not entitled to attorney fees because the appeal arose out of a failed tort claim and not an action for breach of the Employment Agreement. Second, Patel asserted that the trial court looked to the existence of the Employment Agreement in determining that he was not an at-will employee but did not interpret the contract language.
¶5 On March 12, 2020, the Court of Civil Appeals denied TPC's motion for appeal-related attorney fees. Division I's Order did not cite any authority or provide any reasoning for the denial. This Court granted TPC's petition for certiorari to determine if the Employment Agreement authorizes appeal-related attorney fees.
STANDARD OF REVIEW
¶6 A party may seek appeal-related attorney fees if there is statutory and/or decisional authority allowing fees. See (C); Okla.Sup.Ct.R. 1.14(B), 12 O.S.Supp.2019, ch. 15, app. 1. Oklahoma follows the American Rule as to the recovery of attorney fees. Generally, each litigant pays for their own legal representation, and our courts are without authority to assess attorney fees in the absence of a specific statute or contract allowing for their recovery. See State ex rel. Tal v. City of Oklahoma City, , ¶ 16, , 243; see also GRP of Texas, Inc. v. Eateries, Inc., , ¶ 15, , 100 (recognizing that appeal-related attorney fees may be authorized by contract). TPC contends the Employment Agreement allows for the recovery of appellate attorney fees. When, as here, the trial court finds the terms of a contract are unambiguous and interprets the contract as a matter of law, a legal question is presented on appeal. See Johnson v. CSAA Gen. Ins. Co., , ¶ 9, , 426. The appellate court reviews questions of law de novo. Id. Therefore, whether TPC has a contractual right to an award of appeal-related attorney fees presents a question of law subject to de novo review.
ANALYSIS
¶7 Numerous times this Court has reiterated that "parties may agree by contract to pay for litigation expenses." Whitehorse v. Johnson, , ¶ 17, , 48. This is, however, the Court's first occasion to opine as to whether parties may agree by contract to pay for litigation expenses related to a tort claim. We hold they may, but only if the contract language is carefully crafted to provide for such an award.
¶8 The attorney fees provision in the Employment Agreement provides: "If the services of an attorney are required by a party to secure the performance or interpretation of this agreement, the prevailing party will be entitled to reasonable attorney fees, costs and other expenses." TPC argues the language "or interpretation" authorizes attorney fees in this wrongful termination case, because the courts interpreted the Employment Agreement to determine if Patel was an at-will employee. Patel counters that the underlying claim is a tort claim and attorney fees are available only in cases arising out of breach of the Employment Agreement.
¶9 The attorney fees provision in the Employment Agreement is interpreted like any other contract:

If the terms of a contract are unambiguous, clear and consistent, they are accepted in their plain and ordinary sense and the contract will be enforced to carry out the intention of the parties as it existed at the time it was negotiated. The interpretation of a contract, and whether it is ambiguous is a matter of law for the Court to resolve. Contractual intent is determined from the entire agreement. If a contract is complete in itself and viewed in its entirety is unambiguous, its language is the only legitimate evidence of what the parties intended. The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision.

Whitehorse, , ¶ 14, 156 P.3d at 47 (footnotes omitted). Additionally, "[a] contract is to be construed as a whole, giving effect to each of its parts, and not construed so as to make a provision meaningless, superfluous or of no effect." McGinnity v. Kirk, , ¶ 37, , 199 (footnote omitted).
¶10 We find the contract language is clear and unambiguous and is to be interpreted as a matter of law. Patel's reading of the attorney fees provision is too narrow and would make the words "or interpretation" superfluous. "Performance," as used in "to secure the performance or interpretation of this agreement," speaks to an action for breach of contract or one to enforce the contract. However, the language "or interpretation of this agreement" clearly and unambiguously demonstrates the parties' intent to not limit fees to breach of contract claims. We interpret the Employment Agreement to mean that the parties agreed to prevailing party attorney fees not only where the services of an attorney are required to secure the performance of the contract, but also when they are required to secure the interpretation of the contract. The specific language in the Employment Agreement authorizes prevailing party attorney fees whenever the court is called upon to interpret the contract--even if that occurs in a tort action.
¶11 Our inquiry now turns to whether the trial court and the Court of Civil Appeals interpreted the Employment Agreement. It is helpful to review what is required to maintain an action for wrongful termination. The general rule is that an employment contract of indefinite duration is terminable at-will, which means that either the employer or the employee may terminate the employment relationship at any time for any reason or no reason at all without incurring liability for doing so. See McCrady v. Okla. Dep't of Pub. Safety, , ¶ 6, , 474-75; Burk v. K-Mart Corp., , ¶ 5, , 26. This Court adopted the public policy exception to the at-will termination rule and recognized a new tort cause of action for wrongful termination in Burk v. K-Mart Corp., , ¶ 17, , 28. The elements of wrongful termination, i.e. a "Burk tort" are:

(1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.

Vasek v. Bd. of Cty. Comm'rs of Noble Cty., , ¶ 14, , 932. The law is clear that if the employee is not an at-will employee, he is not within the class of persons who may bring a claim in tort for wrongful discharge based on the public policy exception to the at-will termination rule. See McCrady, , ¶ 13, .
¶12 While Patel's wrongful termination claim, by itself, did not implicate the interpretation of the Employment Agreement, TPC's defense and motion for directed verdict did. TPC argued that Patel could not bring a Burk tort claim for wrongful termination because he was not an at-will employee. TPC contended that it incurred financial obligations under the Employment Agreement for terminating Patel, which meant the employment relationship was not terminable at-will. The trial court had to interpret the Employment Agreement in order to rule on TPC's motion for directed verdict, and the Court of Civil Appeals had to interpret the Employment Agreement to review the correctness of the directed verdict.
¶13 We are not persuaded by Patel's argument that the trial court did not interpret the Employment Agreement but merely relied on the existence of the Employment Agreement and other written contracts between the parties in determining he was not an at-will employee. Patel asserts:

It is readily apparent that [TPC] did nothing more than point to the fact (not the "interpretation") that both of the written contracts between the parties had financial obligations running in favor of [Patel] in the event of termination of employment to support their argument that [Patel] was not an at-will employee. Indeed, it was [TPC] themselves who kept trumpeting that the contracts were "clear" that financial obligations, or "liabilities," would be imposed on [TPC] in the event [Patel] was terminated. It runs afoul of basic logic that language which is supposedly clear needs to be "interpreted."

Answer to Pet. for Cert. at 10. Patel's contentions are not supported by the record nor are they supported by the law. The parties clearly disagreed about the meaning and effect of the terms of the Employment Agreement and advocated for different interpretations. In support of TPC's argument that Patel was not an at-will employee, TPC pointed to, inter alia, a provision in the Employment Agreement that permitted termination without cause with 30 days notice but required TPC to pay Patel's salary during the 30-day notice period. Patel's position was that he was not entitled to any post-employment compensation and, as a result, his employment was at-will. The trial court and the Court of Civil Appeals were called upon to resolve whether Patel was an at-will employee. In order to do that, the lower courts interpreted the terms of the Employment Agreement to ascertain whether TPC incurred liability for terminating Patel.
¶14 Patel's suggestion that a court does not "interpret" a contract if the terms are clear and unambiguous is misguided. "If language of a contract is clear and free of ambiguity the court is to interpret it as a matter of law . . . ." Pitco Prod. Co. v. Chaparral Energy, Inc., , ¶ 12, , 545 (emphasis added); see Whitehorse, , ¶ 14, 156 P.3d at 47 ("The interpretation of a contract, and whether it is ambiguous is a matter of law for the Court to resolve."). Even when the court is limited to examining the four corners of the document and does not receive extrinsic evidence, it engages in the interpretation of the clear and unambiguous language. The words are given their plain and ordinary meaning. See Whitehorse, , ¶ 14, 156 P.3d at 47. In this case, the trial court interpreted the clear and unambiguous terms of the Employment Agreement to mean that TPC incurred liability when Patel was terminated and, therefore, Patel was not an at-will employee. Patel then unsuccessfully argued to the Court of Civil Appeals that the trial court erred as a matter of law when it interpreted the Employment Agreement to mean he was not an at-will employee. The Court of Civil Appeals interpreted the Employment Agreement and affirmed the directed verdict.
¶15 The services of an attorney were required to secure the interpretation of the Employment Agreement. The directed verdict was based on the court's interpretation of the Employment Agreement. We hold that the attorney fees provision in the Employment Agreement authorizes prevailing party attorney fees in this case. Therefore, as the prevailing party, TPC has a contractual right to recover appeal-related attorney fees.
CONCLUSION
¶16 The Employment Agreement provides for prevailing party attorney fees "[i]f the services of an attorney are required by a party to secure the performance or interpretation of this agreement." The lower courts' interpretations of the Employment Agreement were necessary to determine if Patel was an at-will employee for the purpose of maintaining a wrongful termination claim. The trial court interpreted the Employment Agreement to mean that Patel was not an at-will employee and, therefore, TPC was entitled to judgment as a matter of law. The Court of Civil Appeals affirmed the directed verdict. As the prevailing party, TPC has a contractual right to recover appeal-related attorney fees.
¶17 The Court of Civil Appeals's March 12, 2020 Order Denying Attorney Fees is vacated. TPC's motion for appeal-related attorney fees filed on January 28, 2020 is granted, and the cause is remanded to the district court for determination of the amount.
CERTIORARI PREVIOUSLY GRANTED;
ORDER OF THE COURT OF CIVIL APPEALS IS VACATED;
MOTION FOR APPEAL-RELATED ATTORNEY FEES IS GRANTED;
REMANDED TO THE TRIAL COURT.
CONCUR: Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, and Rowe, JJ.
RECUSED: Kuehn, J.
FOOTNOTES
 TPC's motion for appeal-related attorney fees provides that "[t]o the extent TPC incurred attorneys' fees exclusively relating to the other issue raised in the appeal, i.e., the District Court's denial of Dr. Patel's request to amend his petition (which did not require interpretation of the Agreement), TPC does not seek those fees."
 Patel did not seek certiorari from the Court of Civil Appeals's opinion affirming the directed verdict in favor of TPC. Therefore, the correctness of the Court of Civil Appeals's decision that Patel was not an at-will employee is not subject to review on certiorari.