PATEL v. TULSA PAIN CONSULTANTS
2022 OK 56
Case Number: 116827; Comp. w/118855
Decided: 06/14/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 56, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

JAYEN PATEL, M.D., Plaintiff/Appellant,
v.
TULSA PAIN CONSULTANTS, INC., P.C.; MARTIN MARTUCCI, M.D.; ANDREW REVELIS, M.D.; ROBERT SAENZ; ALANA CAMPBELL; LAM NGUYEN, M.D.; PAT McFADDEN; and EBONDIE TITWORTH, Defendants/Appellees.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION I

¶0 Plaintiff/Appellant Jayen Patel, M.D. brought a tort claim for wrongful termination against Defendant/Appellee Tulsa Pain Consultants, Inc. (TPC). The trial court found Patel was not an at-will employee and entered a directed verdict in favor of TPC. Patel appealed, and Division I of the Court of Civil Appeals affirmed. TPC filed a motion for appeal-related attorney fees, which the Court of Civil Appeals denied. We granted certiorari to determine whether TPC has a contractual right to recover attorney fees as the prevailing party in Patel's wrongful termination claim. We hold that the specific language in the parties' employment agreement authorizes attorney fees in this case.

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF THE COURT OF CIVIL APPEALS IS VACATED;
MOTION FOR APPEAL-RELATED ATTORNEY FEES IS GRANTED;
REMANDED TO THE TRIAL COURT.

R. Thompson Cooper, Roberson, Kolker, Cooper & Goeres, P.C., Edmond, Oklahoma, and Nick Larby, Larby & Associates, Tulsa, Oklahoma, for Appellant.

Amelia A. Fogleman, GableGotwals, Tulsa, Oklahoma, for Appellees.

KANE, V.C.J.: 

¶1 We granted Defendant/Appellee Tulsa Pain Consultants, Inc.'s (TPC) petition for certiorari to determine whether TPC has a contractual right to appeal-related attorney fees as the prevailing party. Plaintiff/Appellant Jayen Patel, M.D. brought a tort claim for wrongful termination against TPC. TPC argued that Patel could not prevail on a Burk tort claim because, according to the terms of their employment contract, Patel was not an at-will employee. The trial court agreed and entered a directed verdict in favor of TPC. The Court of Civil Appeals affirmed the directed verdict but denied TPC's motion for appeal-related attorney fees. We hold that, pursuant to the specific terms of the parties' employment agreement, TPC is entitled to appeal-related attorney fees.

FACTS AND PROCEDURAL HISTORY

¶2 Patel was an employee and shareholder of TPC. TPC terminated Patel's employment in May 2010, and Patel filed suit against TPC and its shareholders in November 2010. After years of litigation and multiple appeals, the case went to jury trial on a single claim of wrongful termination. TPC moved for a directed verdict arguing that, pursuant to the terms of the Variable Compensation and Employment Agreement ("Employment Agreement") and the Shareholders Agreement, Patel was not an at-will employee. The trial court concluded that, "as a matter of law, [Patel] was not an at-will employee and, therefore, not within the class of persons who may bring a claim in tort for wrongful discharge based on the policy exception to the employment at-will rule within the meaning of Burk v. K-Mart Corp., 1989 OK 22481 P.2d 24

¶3 Patel appealed both the directed verdict and the trial court's denial of his motion to amend to re-add claims he had previously dismissed. On January 10, 2020, Division I of the Court of Civil Appeals affirmed both decisions. The Court of Civil Appeals held that the trial court did not abuse its discretion by denying Patel's motion to amend and that, because TPC incurred liability for Patel's termination under the terms of the Employment Agreement, Patel was not an at-will employee for purposes of a Burk tort.

¶4 Relying on the attorney fees provision in the Employment Agreement, TPC filed a motion for appeal-related attorney fees. The attorney fees provision in the Employment Agreement provided: "If the services of an attorney are required by a party to secure the performance or interpretation of this agreement, the prevailing party will be entitled to reasonable attorney fees, costs and other expenses." TPC argued that Patel's wrongful termination claim required the interpretation of the Employment Agreement to determine whether Patel was an at-will employee.

¶5 On March 12, 2020, the Court of Civil Appeals denied TPC's motion for appeal-related attorney fees. Division I's Order did not cite any authority or provide any reasoning for the denial. This Court granted TPC's petition for certiorari to determine if the Employment Agreement authorizes appeal-related attorney fees.

 

STANDARD OF REVIEW

 

¶6 A party may seek appeal-related attorney fees if there is statutory and/or decisional authority allowing fees. See 12 O.S.Supp.2019 § 696.4See State ex rel. Tal v. City of Oklahoma City, 2002 OK 9761 P.3d 234 see also GRP of Texas, Inc. v. Eateries, Inc., 2001 OK 5327 P.3d 95See Johnson v. CSAA Gen. Ins. Co., 2020 OK 110478 P.3d 422de novo. Id. Therefore, whether TPC has a contractual right to an award of appeal-related attorney fees presents a question of law subject to de novo review.

ANALYSIS

¶7 Numerous times this Court has reiterated that "parties may agree by contract to pay for litigation expenses." Whitehorse v. Johnson, 2007 OK 11156 P.3d 41

¶8 The attorney fees provision in the Employment Agreement provides: "If the services of an attorney are required by a party to secure the performance or interpretation of this agreement, the prevailing party will be entitled to reasonable attorney fees, costs and other expenses." TPC argues the language "or interpretation" authorizes attorney fees in this wrongful termination case, because the courts interpreted the Employment Agreement to determine if Patel was an at-will employee. Patel counters that the underlying claim is a tort claim and attorney fees are available only in cases arising out of breach of the Employment Agreement.

¶9 The attorney fees provision in the Employment Agreement is interpreted like any other contract:

If the terms of a contract are unambiguous, clear and consistent, they are accepted in their plain and ordinary sense and the contract will be enforced to carry out the intention of the parties as it existed at the time it was negotiated. The interpretation of a contract, and whether it is ambiguous is a matter of law for the Court to resolve. Contractual intent is determined from the entire agreement. If a contract is complete in itself and viewed in its entirety is unambiguous, its language is the only legitimate evidence of what the parties intended. The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision.

Whitehorse, 2007 OK 11 McGinnity v. Kirk, 2015 OK 73362 P.3d 186

¶10 We find the contract language is clear and unambiguous and is to be interpreted as a matter of law. Patel's reading of the attorney fees provision is too narrow and would make the words "or interpretation" superfluous. "Performance," as used in "to secure the performance or interpretation of this agreement," speaks to an action for breach of contract or one to enforce the contract. However, the language "or interpretation of this agreement" clearly and unambiguously demonstrates the parties' intent to not limit fees to breach of contract claims. We interpret the Employment Agreement to mean that the parties agreed to prevailing party attorney fees not only where the services of an attorney are required to secure the performance of the contract, but also when they are required to secure the interpretation of the contract. The specific language in the Employment Agreement authorizes prevailing party attorney fees whenever the court is called upon to interpret the contract--even if that occurs in a tort action.

¶11 Our inquiry now turns to whether the trial court and the Court of Civil Appeals interpreted the Employment Agreement. It is helpful to review what is required to maintain an action for wrongful termination. The general rule is that an employment contract of indefinite duration is terminable at-will, which means that either the employer or the employee may terminate the employment relationship at any time for any reason or no reason at all without incurring liability for doing so. See McCrady v. Okla. Dep't of Pub. Safety, 2005 OK 67122 P.3d 473Burk v. K-Mart Corp., 1989 OK 22770 P.2d 24Burk v. K-Mart Corp., 1989 OK 22770 P.2d 24Burk tort" are:

(1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.

Vasek v. Bd. of Cty. Comm'rs of Noble Cty., 2008 OK 35186 P.3d 928See McCrady, 2005 OK 67

¶12 While Patel's wrongful termination claim, by itself, did not implicate the interpretation of the Employment Agreement, TPC's defense and motion for directed verdict did. TPC argued that Patel could not bring a Burk tort claim for wrongful termination because he was not an at-will employee. TPC contended that it incurred financial obligations under the Employment Agreement for terminating Patel, which meant the employment relationship was not terminable at-will. The trial court had to interpret the Employment Agreement in order to rule on TPC's motion for directed verdict, and the Court of Civil Appeals had to interpret the Employment Agreement to review the correctness of the directed verdict.

¶13 We are not persuaded by Patel's argument that the trial court did not interpret the Employment Agreement but merely relied on the existence of the Employment Agreement and other written contracts between the parties in determining he was not an at-will employee. Patel asserts:

It is readily apparent that [TPC] did nothing more than point to the fact (not the "interpretation") that both of the written contracts between the parties had financial obligations running in favor of [Patel] in the event of termination of employment to support their argument that [Patel] was not an at-will employee. Indeed, it was [TPC] themselves who kept trumpeting that the contracts were "clear" that financial obligations, or "liabilities," would be imposed on [TPC] in the event [Patel] was terminated. It runs afoul of basic logic that language which is supposedly clear needs to be "interpreted."

Answer to Pet. for Cert. at 10. Patel's contentions are not supported by the record nor are they supported by the law. The parties clearly disagreed about the meaning and effect of the terms of the Employment Agreement and advocated for different interpretations. In support of TPC's argument that Patel was not an at-will employee, TPC pointed to, inter alia, a provision in the Employment Agreement that permitted termination without cause with 30 days notice but required TPC to pay Patel's salary during the 30-day notice period. Patel's position was that he was not entitled to any post-employment compensation and, as a result, his employment was at-will. The trial court and the Court of Civil Appeals were called upon to resolve whether Patel was an at-will employee. In order to do that, the lower courts interpreted the terms of the Employment Agreement to ascertain whether TPC incurred liability for terminating Patel.

¶14 Patel's suggestion that a court does not "interpret" a contract if the terms are clear and unambiguous is misguided. "If language of a contract is clear and free of ambiguity the court is to interpret it as a matter of law . . . ." Pitco Prod. Co. v. Chaparral Energy, Inc., 2003 OK 563 P.3d 541see Whitehorse, 2007 OK 11See Whitehorse, 2007 OK 11

¶15 The services of an attorney were required to secure the interpretation of the Employment Agreement. The directed verdict was based on the court's interpretation of the Employment Agreement. We hold that the attorney fees provision in the Employment Agreement authorizes prevailing party attorney fees in this case. Therefore, as the prevailing party, TPC has a contractual right to recover appeal-related attorney fees.

CONCLUSION

¶16 The Employment Agreement provides for prevailing party attorney fees "[i]f the services of an attorney are required by a party to secure the performance or interpretation of this agreement." The lower courts' interpretations of the Employment Agreement were necessary to determine if Patel was an at-will employee for the purpose of maintaining a wrongful termination claim. The trial court interpreted the Employment Agreement to mean that Patel was not an at-will employee and, therefore, TPC was entitled to judgment as a matter of law. The Court of Civil Appeals affirmed the directed verdict. As the prevailing party, TPC has a contractual right to recover appeal-related attorney fees.

¶17 The Court of Civil Appeals's March 12, 2020 Order Denying Attorney Fees is vacated. TPC's motion for appeal-related attorney fees filed on January 28, 2020 is granted, and the cause is remanded to the district court for determination of the amount.

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF THE COURT OF CIVIL APPEALS IS VACATED;
MOTION FOR APPEAL-RELATED ATTORNEY FEES IS GRANTED;
REMANDED TO THE TRIAL COURT.

CONCUR: Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, and Rowe, JJ.

RECUSED: Kuehn, J.

FOOTNOTES

i.e., the District Court's denial of Dr. Patel's request to amend his petition (which did not require interpretation of the Agreement), TPC does not seek those fees."